UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
_____

New You Media, LLC                                Civil Action No. _____

    Plaintiff,

v.

Adlife Marketing & Communications, Co., Inc.,
    Defendant.

_____/

## COMPLAINT AND JURY DEMAND

Plaintiff, New You Media, LLC ("NYM"), for its Complaint against Defendant, Adlife Marketing & Communications, Co., Inc., ("Adlife") alleges as follows:

## THE PARTIES

1. Plaintiff, New You Media, LLC, is a Florida limited liability company with its principal place of business in Fort Lauderdale, Florida.

2. Defendant, Adlife Marketing & Communications, Co., Inc., is a Rhode Island company with a principal place of business at 38 Church St., Pawtucket, Rhode Island.

## JURISDICTION

3. This is a declaratory judgment action for non-infringement of United States copyright and, in the alternative, declaration of appropriate copyright remedies under the U.S. Copyright Act. The Court has jurisdiction under the Federal Declaratory Judgments Act, 28 U.S.C. § 2201 and 2202 under the laws of the United States concerning actions relating to copyright, 28 U.S.C. § 1338(a).

4. Venue is appropriate in this District under 28 U.S.C. § 1391(b).

5. Personal jurisdiction over Adlife is appropriate as Adlife committed the acts related to copyright infringement and purposely availed itself of the forum district. Adlife also solicited a copyright license agreement with NYM in Florida.

## **FACTS**

6. NYM publishes a digital magazine and blog reporting on beauty, health, anti-aging and related innovations and technologies at www.newyou.com (the "Site").

7. NYM displays images on the Site, including within the posted articles.

8. NYM follows a process to license the use of such photographs from the copyright owner in exchange for a licensing fee and does not knowingly infringe on third party intellectual property rights.

9. The average licensing fee NYM pays for such images is generally less than $50 per image.  NYM also may pay a monthly license of less than $200 per month for an unlimited number of images ("Market Value").

10. One image appearing on the Site within a posted article entitled ""12 Easy Recipes for Shiny, Healthy Hair" was an image of black bean soup (the "Black Bean Soup image").

11. On or about August 23, 2016, Adlife sent NYM a Copyright Infringement Notice ("Notice") regarding the Black Bean Soup image and demanded payment of $8,000 for NYM's use of the photograph. Additionally, Adlife included an invoice for $8,000 with its Notice, claiming that NYM was somehow is indebted to Adlife for the amount. A true and correct copy of this Notice is attached as Exhibit A.

12. Upon receiving the Notice, NYM investigated and determined it could not locate the documentation that it had a license to use the Black Bean Soup image, nor could NYM locate the photograph among the various stock image libraries for which NYM pays

a fee. Accordingly, NYM promptly removed the image of Black Bean Soup image from the Site.

13. Following Adlife's initial demand and Notice, Adlife sent NYM a Past Due Notice, and a Final Payment Demand for $8,000. Adlife threatened, if payment of $8,000 was not received Adlife would report NYM's missed/default payments to the credit bureaus. Adlife claims NYM is indebted to Adlife for $8,000 for a copyright infringement claim that has yet to be proved. A true and correct copy of this Past Due Notice is attached as Exhibit B.

14. Through counsel, in an effort to amicably and expeditiously resolve the matter, NYM promptly contacted Adlife and offered to pay Market Value plus a premium for a total of $500.00 for its inadvertent use of the Black Bean Soup image.

15. Adlife later reduced its demand to $1,500 and claimed ownership of Copyright Registration No. VA002019921 ("Adlife Copyright") without proof that said registration includes the Black Bean Soup image. Several days later, on or about November 22, 2016 Adlife increased its demand to $5,000. A true and correct copy of this Notice is attached as Exhibit C.

15. Adlife's demand far exceeds the Market Value for similar black bean soup photographs. Through Adlife's President, Joel Albrizio, ("Albrizio") Adlife claims it charges more per photo "due to the quality and exclusivity of the images." Furthermore, through Albrizio claims the Adlife images are not located on any stock photo website as a result of Adlife's "exclusive high profile clientele."

17. Based on information and belief, contrary to Adlife's claim of the exclusive nature of the Black Bean Soup photograph and its other images of ordinary items, Adlife sold its

images at a price of $12 dollars per image and as a contributor on the stock photography website www.Istockphotos.com

18. Mr. Albrizio and/or Adlife own and operate the website, http://preparedfoodphotos.com/, where Adlife allegedly sells photographic images and offers a subscription price of $999 per month for an unlimited number of images.

19. Based on information and belief, Adlife purchased this website in March of 2016 and began operating the domain in April 2016. Adlife claims preparedfoodphotos.com is an extension of its business and attracts a customer base willing to pay well over the Market Value for stock images. The reality is Adlife is utilizing http://preparedfoodphotos.com/ as an attempt to justify the grossly inflated license fee of $8,000 per image.

20. Based on information and belief, Adlife purports to own copyright registrations covering various photographs, including the Black Bean Soup image.

21. Based on information and belief, Adlife tracks the use of its photographs by others.

22. Based on information and belief, Adlife sends a copyright infringement notice to any third party it discovers using its photographs in the same form as the Notice attached hereto as Exhibit A.

23. Based on information and belief, Adlife initially demands $8,000 to license the use of its photographs.

24. Based on information and belief, if Adlife fails to receive the fee it demands from the various third parties, Adlife files a copyright infringement lawsuit in the District of Massachusetts, demanding upwards of $25,000 for the infringement of a single photograph even if such use in inadvertent.

25. The above allegations are incorporated in the claims below.

## COUNT ONE
## Declaratory Judgment of No Copyright Infringement

26. NYM has a reasonable apprehension of suit by Adlife alleging copyright infringement.

27. There is a substantial and continuing justiciable controversy between NYM and Adlife as to Adlife's right to threaten or maintain suit for infringement of the Adlife Copyright, as to the validity, enforceability and scope of the Adlife Copyright, and as to whether the Black Bean Soup image used infringes any valid and enforceable Adlife Copyright.

28. Based on information and belief, the Black Bean Soup image NYM used does not infringe any valid and enforceable Adlife Copyright.

29. In the alternative, If NYM's use of the Black Bean Soup image does infringe the Adlife Copyright, NYM's use was not willful and remedies for such use should not exceed Market Value.

30. The Court should issue a declaratory judgment stating that Adlife is without right or authority to threaten or to maintain suit against NYM for alleged infringement of the Adlife Copyright, that no valid and enforceable copyright is infringed by NYM because of its use of the Black Bean Soup image, or if infringement is found, it was not willful and any remedy should not exceed Market Value of a stock image of Black Bean Soup.

## JURY DEMAND

31. NYM demands a jury trial.

**WHEREFORE,** NYM respectfully requests the following relief:

a. Entry of judgment that Adlife is without right or authority to threaten or to maintain suit against NYM for alleged infringement of the Adlife Copyright and that no valid and enforceable copyright is infringed by NYM because the use of the Black Bean Soup image or if it is infringed, any remedy should not exceed Market Value for a stock image of black bean soup.

b. Entry of a preliminary injunction enjoining Adlife, its officers, agents, servants, employees, and attorneys, and those person in active concert or participation with Adlife from threatening NYM or any of its agents, servants, or employees with infringement litigation or charging any of them either verbally or in writing with infringement of Adlife copyright.

c. Entry of judgment for its costs and reasonable attorney's fees incurred by NYM.

d. Such other and further relief as the Court may deem appropriate.

DATED This 15 day of Decmeber, 2016

Respectfully Submitted

Great HealthWorks, Inc.
Counsel for Plaintiff
4150 SW 28th Way,
Fort Lauderdale, Fl 33312
Phone: 954-862-7619
Email: zrich@greathealthworks.com

By: /s/ *Zachary R. Rich*
Zachary R Rich, Esq.
Fla. Bar No. 0105506
E-mail: Zrich@greathealthworks.com